# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

FILED

SEP 21 2010

WILLIAM B. GUTHRIE
Clerk, U.S. District Court

By_____
    Deputy Clerk

ALEX JOEL WILSON, )
)
Petitioner, )
)
v. ) Case No. CIV 09-338-RAW-KEW
)
MIKE MULLIN, Warden, )
)
Respondent. )

## OPINION AND ORDER

This action is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Jess Dunn Correctional Center in Taft, Oklahoma, attacks his conviction and sentences in Bryan County District Court Case Number CF-2002-594 for one count of Child Sexual Abuse and two counts of Injury to a Minor Child. The respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record shows that petitioner was represented by counsel when he pleaded no contest in a blind plea to the three counts in Case No. CF-2002-594. The Judgment and Sentence was entered on April 6, 2005. He did not seek to timely withdraw his pleas, so his conviction became final on April 16, 2005, ten days after entry of the Judgment and Sentence. *See* Rule 4.2, *Rules of the Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch.18, App.; Okla. Stat. tit. 22, § 1051. Petitioner, therefore, had until April 16, 2006, to file his habeas petition, but it was not filed until September 8, 2009. He did not initiate his post-conviction proceedings until May 9, 2008, after expiration of the limitations period, so there is no statutory tolling. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (citing 28 U.S.C. § 2244(d)(2)).

Petitioner asserts he did not learn he would have to serve 85% of his sentences until he was received into the Department of Corrections. The DOC requires that each new arrival receive an adjustment review within ten working days of reception. *See* DOC Reg. 060203 (II)(A). Petitioner's reception date was Thursday, May 12, 2005, so the latest date he could have received his initial adjustment review was May 23, 2005. If the court liberally

2

construes his petition to allege the one-year limitations period began when he reasonably could have discovered the factual predicate of his claim regarding the 85% Rule through the initial adjustment review, *see* 28 U.S.C. § 2244(d)(1)(D), the petition still is untimely. Petitioner argues the 10-day rule regarding the initial adjustment review was not in effect when he was arrived at DOC, but he has provided nothing in support of this allegation.

Petitioner also claims the Oklahoma Court of Criminal Appeals delayed in responding to his pleadings, and he is a pro se litigant who needed additional time to research the law. The record shows, however, that he did not file any pleadings until his May 9, 2008, post-conviction application, and the statute of limitations already had expired by that date. As for his claims that he is pro se and uneducated in the law, "it is well established that ignorance of the law, even for an incarcerated pro se prisoner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quotation omitted), *cert. denied*, 531 U.S. 1194 (2001).

**ACCORDINGLY,** respondent's motion to dismiss time barred petition [Docket #6] is GRANTED, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this 21st day of September 2010.

RONALD A. WHITE
**UNITED STATES DISTRICT JUDGE**